ALICE B. B. CORBETT, Plaintiff, *v.* MARQUEENE G. STEVENSON CORBETT, Defendant.

Supreme Court, New York County, May 24, 1928.

**Husband and wife — alienation of affections — motion for new trial — irregular communications with jury not shown — objection to manner of judge in charging jury not sustained — plaintiff's husband is confirmed criminal and serving term in State's prison — verdict in favor of defendant proper.**

This is a motion for a new trial of an action for alienation of the affections of the plaintiff's husband who is now serving a term in State's prison and who has four times previously been convicted of a heinous crime.

There is no merit in the contention that the motion should be granted for alleged irregular communications with the jury by court officers, for such communications as were made had no bearing upon the trial.

Furthermore, the contention of the plaintiff that there should be a new trial because the judge's charge was inaudible is without merit, since there was no objection taken at the time of the charge nor was the fact called to the court's attention in any way.

The judgment in favor of the defendant on the facts would seem to be justified in view of the fact that the plaintiff's husband is a confirmed criminal and at present confined in a State prison, and there would seem to be little damage to the plaintiff for loss of consortium.

MOTION by plaintiff for new trial in action for alienation of affections.

*Jerome A. Jacobs* [*B. Leo Schwarz* and *Jay B. Van Veen* of counsel], for the plaintiff, for the motion.

*Kenneth M. Spence* [ *Kenneth M. Spence, Kenneth E. Walser* and *Paul Van Anda* of counsel], for the defendant, opposed.

LEVY, J.   This motion for a new trial in an action for alienation of affections is predicated upon six distinct grounds.   One of them, that a witness for the defendant testified falsely upon a material feature in issue, has been completely answered, so much so that plaintiff's counsel states in his memorandum that " this point will not be urged with great vehemence."

The grievance of irregular communications with the jury fails to impress me as meritorious.   Even if it be assumed that jurors' affidavits may properly be received under the circumstances, the truth of their contents is denied by the court attendants whose affidavits disclose nothing that would warrant the vacature of the verdict rendered.   Indeed, the statements which the moving affidavits allege were made to the jurors, appear to be entirely innocuous and could hardly justify a new trial in any event.

The point that a material portion of the trial justice's charge was inaudible to the jury scarcely merits discussion.   No objection was made at the time, nor was the matter drawn to the court's attention.   There would be little finality in verdicts were it possible to upset them on a ground such as this.   Nor is there anything in the other objections which have been raised against the verdict which persuades me that a new trial is either necessary or proper.

Apart from what appeared to be the questionable circumstances attending the retainer of plaintiff's attorney of record, which may be pure coincidence, there is the thought which naturally suggests itself: What is the value of the affections of a vicious convict, at present serving a substantial term in State's prison?   What could the spouse of a man four times convicted of heinous crime against

society, much of whose time must necessarily be spent in jail, hope to recover for the loss of his consortium? Is not the jury's verdict fully and amply vindicated?

The motion is denied.